IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            No. CIV 05-958 JC/LCS
                                                No. CR 04-1010 JC

ALVARO E. LOPEZ,

        Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed September 6, 2005 [Docket #1]. Defendant attacks the Judgment and Sentence entered on January 27, 2005 in the case styled *United States of America v. Alvaro Eduardo Lopez*, CR 04-1010 JC, United States District Court for the District of New Mexico. The United States Magistrate Judge, having reviewed the Petition and considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Defendant's Petition be **DENIED**.

        **I.**        **Procedural History**

1.        On May 26, 2004, a federal grand jury in the District of New Mexico returned an indictment charging Defendant with Re-Entry of a Deported Alien Previously Convicted of an Aggravated Felony, in violation of 8 U.S.C. §§ 1326(a)(1) & (a)(2), and § 1326(b)(2). Defendant had pleaded guilty on June 28, 2000 to Criminal Sexual Contact of a Minor in violation of 8 U.S.C. § 1101(a)(43). On July 20, 1999, while that case was pending, Defendant allegedly

engaged in criminal sexual contact of another juvenile.

2. Defendant was deported from the United States on or about September 16, 2002. [Docket #10; 04cr1010] Defendant was found in Guadelupe County, New Mexico on May 7, 2004. Id.

3. Defendant entered a plea of guilty on September 17, 2004 before the Honorable Lorenzo F. Garcia, United States Magistrate Judge, pursuant to a plea agrement with the United States. [Docket #24] Pursuant to this agreement, the United States stipulated to a reduction of two levels from his base offense level based on acceptance of personal responsibility. Id. The government stipulated to a further reduction of one level pursuant to U.S.S.G. § 3E1.1(b). Id. Additionally, the United States agreed to recommend a sentence at the low end of the guideline range. Id. The agreement contained no waiver of Defendant's right to appeal his sentence. Id. Defendant was sentenced by Senior United States District Judge John E. Conway on January 26, 2005 to 87 months imprisonment.

4. On September 6, 2005, Defendant filed the present motion to set aside the sentence pursuant to 28 U.S.C. § 2255. [Docket #1] The § 2255 motion is timely under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2255, FED. R. APP. P. 4(b)(1)(A). The United States filed its Response to Defendant's Motion on October 26, 2005. [Docket #6]

**II. Analysis**

Defendant raises the following issues in his Petition:

I.. Counsel was ineffective for failing to object to an illegal sentence under *Blakely* and *Booker*.

II. Counsel was ineffective in failing to perfect an appeal.

**Ineffective Assistance of Counsel**

5.   A claim of ineffective assistance of counsel is a mixed question of law and fact. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002). Mr. Lopez must demonstrate both deficient performance and prejudice. He must show that counsel made errors that were so serious that counsel's performance could not be considered "reasonable under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both prongs of the inquiry if Mr. Lopez makes an insufficient showing of either deficient performance or prejudice. *Id.* at 697.

6.   Defendant has the burden of showing that counsel's performance "fell below an objective standard of reasonableness." *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688). Mr. Lopez must show that counsel's "identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690. There is a strong presumption that counsel has rendered adequate assistance and used reasonable professional judgment in making all significant decisions. *Dorsey*, 61 F.3d at 1474.

7.   Under the second prong of *Strickland*, Defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability suffcent to undermine confidence in the outcome" of the prior proceeding. *Id.* Mr. Lopez, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitled him to relief. Mere conclusory allegations without factual support are insufficient to meet this burden. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

   a.   **Ineffective Assistance of Counsel-Failure to Object to Illegal Sentence**

8.       Although the exact nature of Defendant's argument with respect to illegal sentence is unclear it is apparently based on the holdings of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738, 757 (2005).  The crux of Mr. Lopez's contention is the assertion that the maximum sentence to which he could be subjected pursuant to 8 U.S.C. § 1326(a) was two years.  I can only assume Mr. Lopez wishes to argue that a sentence pursuant to § 1326(b)(2) violated *Booker* because his prior conviction for an aggravated felony constituted a fact which was neither admitted nor proved by the government beyond a reasonable doubt.  *See Blakely*, 542 U.S. 296.

9.       In *Blakely*, the Supreme Court held that the State of Washington's sentencing procedures violated the defendant's constitutional rights under the Sixth Amendment because facts essential to his sentence were not proven to a jury beyond a reasonable doubt nor admitted by the defendant.  *See also Leonard v. United States*, 383 F.3d 1146, 1147 (10th Cir. 2004).  In so holding, the Court extended the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) that any facts, other than the fact of a prior conviction, supporting sentencing enhancements are required to be determined by a jury beyond a reasonable doubt.  *Blakely*, 542 U.S. at 301.

10.      Defendant's argument under *Blakely* and *Booker* is apparently that the elements of his prior conviction constitute facts which must be charged in the indictment and proven to a jury. The Tenth Circuit concluded that *United States v. Booker* does not require the government to charge in an indictment or to prove to a jury either the existence of prior convictions or their classification as a certain degree of felony.  *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005).  In *Apprendi*, the Supreme Court previously held that "*other than the fact of a prior*

*conviction*, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. (emphasis added)  In other words, the existence of a prior conviction need not be pleaded by the government nor proved to a jury beyond a reasonable doubt for a sentence to be valid. *Id.*

11.     The Supreme Court has previously held that the government is not required to charge an earlier conviction in the indictment. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). The Court stated that, to require that recidivism be deemed an element of petitioner's offense would be an abrupt departure from a tradition of treating recidivism as "going to the punishment only." *Id.* at 244; *see also Oyler v. Boles*, 368 U.S. 448, 452 (1962); *Graham v. West Virginia*, 224 U.S. 616, 624 (1912). Defendant cannot show that he was prejudiced by his attorney's failure to overcome decades of established precedent. As such, Mr. Lopez's arguments as to the constitutionality of his sentence are without merit.

        **b.**     **Ineffective Assistance of Counsel-Failure to Appeal**

12.     Petitioner also claims defense counsel was ineffective because his attorney wrongly informed him he would only be facing 70 months imprisonment by entering a plea agreement and was in fact sentenced to 87 months. He also states that his attorney wrongly informed him he could not appeal his sentence based on his status as an illegal alien. As already discussed, in making a claim of ineffective assistance, Mr. Lopez must demonstrate both deficient performance and prejudice. *Strickland*, 466 U.S. at 687-88. Prejudice in the context of a guilty plea requires Petitioner to show that there is a reasonable probability that, "but for counsel's errors, the result of the proceeding would have been different." *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th

5

Cir. 1999).

13.     I begin by noting that Petitioner's criminal history category upon indictment was V and his base offense level was 24. The sentencing guidelines provide for a sentencing range of 92-115 months for an individual with this criminal history and offense level. Pursuant to the plea agreement, the United States agreed to reduce Mr. Lopez's offense level to 21, which reduced the sentencing range to 70-87 months. [Docket #24; 04cr1010] Also pursuant to the agreement, the United States agreed to recommend a sentence at the low end of the guideline range. Id.

14.     At sentencing the Court, in its discretion, determined that, in light of Mr. Lopez's criminal history, a sentence of 87 months, at the high end of the guideline range, was appropriate. [*See* Transcript; Sentencing Hrg; 04cr1010] Nevertheless, Defendant did receive a substantial benefit by accepting the plea, such that he has failed to show he was prejudiced by counsel's allegedly deficient performance. *See United States v. Mezzanato*, 513 U.S. 196, 210 (1995) ("[W]e have repeatedly held that the government 'may encourage a guilty plea by offering substantial benefits in return for the plea.'"). While a sentence of 87 months may be greater than Mr. Lopez had hoped, when one considers the possible sentence of 115 months without the plea agreement, it is clear the agreement did confer a substantial benefit.

15.     Additionally, I note that Petitioner cannot show he was prejudiced by counsel's failure to appeal the sentence. Mr. Lopez was sentenced within the appropriate guideline range based upon his plea agreement. During his plea hearing, Mr. Lopez, during an extensive colloquy with Judge Garcia, indicated he understood that the Court was not bound to impose a specific sentence, despite the government's recommendation. While the Supreme Court in *Booker* found that the sentencing guidelines were discretionary, it did not find them to be unconstitutional.

*Booker*, 125 S.Ct. at 757. Therefore, the District Court acted within its discretion in sentencing Petitioner within the guideline range, and Mr. Lopez has not shown he was prejudiced by defense counsel's failure to file a frivolous appeal. As such, Petitioner's claims of ineffective assistance of counsel are without merit.

## **RECOMMENDATION**

I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed September 6, 2005 [Docket #1] be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations wtih the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objetions within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**